#27215-a-JMK

**2015 S.D. 31**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

ROBERT M. MERCER,                                Plaintiff and Appellant,

    v.

SOUTH DAKOTA ATTORNEY
GENERAL OFFICE,                                  Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
HUGHES COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE KATHLEEN F. TRANDAHL
Judge

* * * *

ROBERT M. MERCER
Pierre, South Dakota                             Pro se.


MARTY J. JACKLEY
Attorney General

JEFFREY P. HALLEM
Assistant Attorney General
Pierre, South Dakota                             Attorneys for defendant
                                                 and appellee.

* * * *

ARGUED ON MARCH 24, 2015

OPINION FILED **05/13/15**

#27215

KERN, Justice

[¶1.]    Pro se appellant Robert M. Mercer appeals from the circuit court's order affirming the administrative agency's decision denying him access to Richard Benda's death investigation records under SDCL 1-27-1.5(5). Mercer asserts that the public's significant and legitimate interest warrants access despite SDCL 1-27-1.5(5). Because the language of this statute prohibits disclosure, we affirm.

## BACKGROUND

[¶2.]    On November 26, 2013, Robert M. Mercer submitted a request to the South Dakota Attorney General's Office under SDCL 1-27-37 for the release of the Division of Criminal Investigation's (DCI) records related to the investigation of Richard Benda's death. Richard Benda was the Secretary of Tourism from 2006 through 2011, during the administration of Governor M. Michael Rounds. On October 22, 2013, Benda's body was found on a farm in rural Charles Mix County, South Dakota. On November 21, 2013, the Attorney General's Office issued a press release stating that Benda died from a self-inflicted-shotgun wound and that there was no evidence of foul play. On November 27, 2013, the coroner issued a death certificate, which included the following information:

> CAUSE OF DEATH PART I: PENETRATING SHOTGUN
> WOUND OF ABDOMEN WITH SHOT GUN . . . .
>
> PART II:
> . . . .
> HOW THE INJURY OCCURRED: DECEDENT SECURED
> SHOTGUN AGAINST TREE. USED A STICK TO PRESS
> TRIGGER TO SHOOT HIMSELF IN ABDOMEN.

[¶3.]    In making his request for "reports received by and compiled for Attorney General Marty Jackley regarding the Oct. 20 death of Richard Benda,"

Mercer conceded that "SDCL 1-27-1.5(5) precludes public release of such documents." Mercer, nevertheless, requested the release of the death investigation records because Benda was a public figure, news accounts and reports "have raised questions about the death[,]" and release of the records "would allow citizens to judge for themselves the depth and scope of the processes that lead to the conclusion that Benda killed himself."

[¶4.] In a letter dated November 26, 2013, the Attorney General's Office noted that SDCL 1-27-1.5(5) protects the death investigation records from public disclosure. Yet, in light of the "uniqueness of this case and circumstance," the Attorney General's Office indicated that "there exists a public interest to fashion a remedy that protects the criminal process and individual privacy interests[.]" Thus, the Attorney General's Office stated, in its November 26, 2013 letter to Mercer, that it would make the death investigation records available to the Benda family and "to the public through media representation" if certain conditions were met. The condition relevant to this appeal is: "2. A member of Richard Benda's immediate family as defined under South Dakota law execute a written release granting permission for disclosure as set forth herein[.]"

[¶5.] Mercer was unable to fulfill the second condition and, accordingly, filed an amended request with the Attorney General's Office on December 6, 2013, asking that the second condition be eliminated. He described the efforts he made to obtain a waiver from the Benda family and asserted that the condition was not warranted under the law. The Attorney General's Office denied Mercer's supplemental request, noting that the records were specifically exempt from

disclosure under SDCL 1-27-1.5(5).  Furthermore, the Attorney General's Office informed Mercer that South Dakota law permitted the Attorney General to impose conditions on access.

[¶6.]        In December 2013, Mercer, acting pro se, appealed the denial to the Office of Hearing Examiners (OHE) under SDCL 1-27-38.  The OHE considered Mercer's appeal on a written record and, on May 9, 2014, issued findings of fact, conclusions of law, and an order.  It upheld the Attorney General's Office's denial of Mercer's request for disclosure because the requested records were not of the type required to be disclosed under SDCL chapter 1-27.  The OHE further held that the Attorney General's Office acted within its discretion when it denied Mercer's request.

[¶7.]        Mercer appealed the OHE's ruling to the circuit court under SDCL 1-27-41.  Mercer acknowledged that the documents he requested "were normally considered exempt" from release, but asserted that the lack of any standard governing the Attorney General's discretion "left the attorney general in an untenable position."  He further claimed that the Attorney General's Office acted beyond the scope of its legislative authority when it imposed special criteria for the release of the records.  He also submitted that the records from the investigation of a suicide should be treated differently than other investigation records because, "[u]nlike other acts of violence, the deceased cannot contest the finding."  Finally, Mercer claimed that the hearing examiner failed to consider *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 100 S. Ct. 2814, 65 L. Ed. 2d 973 (1980), and *Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 104 S. Ct. 819, 78 L.

Ed. 2d 629 (1984), which he claimed emphasized the importance of providing an alternative to denying release of the records.

[¶8.]     On September 2, 2014, the circuit court issued an incorporated memorandum decision affirming the OHE's decision. The court detailed certain facts necessary to provide context for Mercer's request and to explain the public's interest in the records. In 2013, Governor Dennis Daugaard had requested that the Attorney General's Office conduct a criminal investigation into potential financial misconduct in the Governor's Office of Economic Development related to voucher reimbursements. The investigation revealed evidence of double billing and double recovery, but the Attorney General's Office informed the Governor that no action would be taken because Benda was deceased.

[¶9.]     The Attorney General's Office further informed the Governor's Office that during its investigation it discovered financial issues related to the $1 million Future Fund Grant used to assist the now-bankrupt Northern Beef LP in Aberdeen, South Dakota. Benda, in his capacity as the Secretary of Tourism and State Development, had worked to develop and finance Northern Beef LP. The financial concerns uncovered by the Attorney General's Office related to the EB-5 program, a federal immigration program facilitated by the State of South Dakota in conjunction with the South Dakota Regional Center, Inc. The office of the Attorney General informed the Governor's Office that it provided its criminal investigation file to federal authorities, as the EB-5 program was a federal program run and controlled by the federal government.

[¶10.]     In light of this background, the circuit court recognized the public interest surrounding the circumstances of Benda's death.  However, it ruled that SDCL 1-27-1.5(5) and SDCL 23-5-11 clearly and unambiguously prohibited the disclosure of Benda's death investigation records.  The court further ruled that the Attorney General's Office did not abuse its discretion when it crafted conditions on the disclosure of the death investigation records and rejected Mercer's argument that the Attorney General's Office had no authority to create conditions.  Finally, the court ruled that if the Attorney General, in his discretion, wished to release the records, he was "justified and warranted in balancing the release of the death investigation record with the privacy concerns."  The court noted that Mercer's "mere suspicion is not enough to outweigh the privacy interests, the presumption of innocence, protection of the criminal process, and protection of the decedent's minor child."

[¶11.]     On September 5, 2014, the circuit court issued an order affirming the OHE's findings of fact and conclusions of law and order.  Mercer appeals.

**STANDARD OF REVIEW**

[¶12.]     In this administrative appeal, our review is established by SDCL 1-26-37.  *Knapp v. Hamm & Phillips Serv. Co.*, 2012 S.D. 82, ¶ 11, 824 N.W.2d 785, 788.  The hearing examiner's decision was made solely on the administrative file and did not involve questions of fact.  *See, e.g.*, *Foltz v. Warner Transp.*, 516 N.W.2d 338, 340-41 (S.D. 1994).  We, therefore, review the decision of the OHE de novo.  *Tebben v. Gil Haugan Constr., Inc.*, 2007 S.D. 18, ¶ 15, 729 N.W.2d 166, 171.  Statutory

interpretation is also reviewed under the de novo standard. *Snelling v. S.D. Dep't of Soc. Servs.*, 2010 S.D. 24, ¶ 13, 780 N.W.2d 472, 478.

## ANALYSIS

[¶13.]    Mercer argues that the public interest in Benda's death investigation is significant and legitimate because Benda's death is just one of many pieces in the puzzle surrounding the investigation of the EB-5 immigration program developed during the administration of Governor Rounds. Mercer suggests that the public interest is heightened by the fact that the Attorney General's Office issued a report on the EB-5 program to the U.S. Attorney shortly after Benda's death and that neither state nor federal prosecutors brought any charges in connection with the investigation.

[¶14.]    In specific reference to the South Dakota Public Records Act under chapter 1-27, Mercer argues that the Act fails to provide standards by which to measure the record custodian's discretion to deny release. He further contends that the Act does not give the Attorney General's Office the authority to impose conditions on a request for a public record. Lastly, Mercer claims the circuit court misapplied *National Archives & Records Administration v. Favish*, 541 U.S. 157, 124 S. Ct. 1570, 158 L. Ed. 2d 319 (2004), and abused its discretion when it did not consider redaction as an alternative remedy and did not review the records to determine whether a privacy interest actually exists.

[¶15.]    In response, the Attorney General's Office submits that many of Mercer's claims on appeal "are based upon the faulty premise that he is entitled to the requested records and that the Office of Hearing Examiners and/or the circuit

court were required to fashion him relief[.]" The Attorney General's Office emphasizes that our review of its decision to deny Mercer's request to disclose a public record is controlled by SDCL 1-26-36 and is confined to the administrative record before the OHE. It further contends that the OHE correctly applied the South Dakota Public Records Act when it denied disclosure of Benda's death investigation records to Mercer. It claims that neither the OHE nor the circuit court were required to grant Mercer's request that the records be redacted because "[o]n its face" SDCL 1-27-1.10 does not apply here. Lastly, the Attorney General's Office argues that there is no legal or factual basis to support Mercer's claims that the Attorney General did not have authority to place conditions on the disclosure of the records or that in doing so the Attorney General abused his discretion.

[¶16.] Although several of Mercer's claims relate to the circuit court's decision, this case is an administrative appeal. It is well settled that we are not bound by the circuit court's decision and, in fact, we review the agency's decision without any presumption that the circuit court's decision was correct. *Zoss v. United Bldg. Ctrs., Inc.*, 1997 S.D. 93, ¶ 6, 566 N.W.2d 840, 843 (overruled on other grounds). Moreover, because the OHE's decision was based entirely on review of the same record we have before us, we review the agency's decision de novo. *See City of Frederick v. Schlosser*, 2003 S.D. 145, ¶ 7, 673 N.W.2d 283, 285.

[¶17.] When the Legislature enacted the South Dakota Public Records Act in 2009, it broadened the presumption of openness in regard to public records. (Compare current SDCL 1-27-1 with pre-2009 SDCL 1-27-1.) SDCL 1-27-1 currently provides, in relevant part:

> Except as otherwise expressly provided by statute, all citizens of this state, and all other persons interested in the examination of the public records, as defined in § 1-27-1.1, are hereby fully empowered and authorized to examine such public record, and make memoranda and abstracts therefrom during the hours the respective offices are open for the ordinary transaction of business and, unless federal copyright law otherwise provides, obtain copies of public records in accordance with this chapter.

Under SDCL 1-27-1.1, the presumption of openness can only be rebutted by another statute that specifically exempts the record from disclosure. The statute requires that all public records shall be made public "[u]nless any other statute, ordinance, or rule expressly provides that particular information or records may not be made public[.]" *Id.*

[¶18.]     Here, Mercer seeks authorization to examine the records related to Benda's death investigation and claims that the circuit court did not properly apply *Favish*, 541 U.S. 157, 124 S. Ct. 1570. The circuit court's citation to and discussion of *Favish* has no bearing on our review of the OHE's decision. *See Zoss*, 1997 S.D. 93, ¶ 6, 566 N.W.2d at 843. This is because "[t]he Supreme Court makes the same review of the administrative agency's decision as did the circuit court, unaided by any presumption that the circuit court's decision was correct." *Id.* (quoting *Tieszen v. John Morrell & Co.*, 528 N.W.2d 401, 403 (S.D. 1995)). Furthermore, *Favish* is inapplicable to this case. In *Favish*, the Supreme Court was asked to interpret a provision in the Freedom of Information Act, which would exempt from disclosure "'records or information compiled for law enforcement purposes' if their production 'could reasonably be expected to constitute an unwarranted invasion of personal privacy.'" 541 U.S. at 160, 124 S. Ct. at 1574 (quoting 5 U.S.C. § 552(b)(7)(C)). Here, we have no similar statutory language related to an "unwarranted invasion of

personal privacy." *See* 5 U.S.C. § 552(b)(7)(C). Furthermore, nothing in the *Favish* decision requires the Attorney General's Office to consider redaction of records if redaction could protect the privacy interests at issue. On the contrary, redaction presumes a record is subject to disclosure. We, therefore, examine the OHE's decision based on the language in the South Dakota Public Records Act to determine if Benda's death investigation records are subject to disclosure. We note that we do not have before us (and neither did the OHE nor the circuit court) the death investigation records sought by Mercer.

[¶19.] To determine whether the record is reviewable under the South Dakota Public Records Act, we must examine if any statute, ordinance, or rule expressly provides that the record not be made public. *See* SDCL 1-27-1.1. Under SDCL 1-27-1.5, certain "records are not subject to §§ 1-27-1, 1-27-1.1, and 1-27-1.3[.]" Subsection (5) is implicated in this case and provides that "[r]ecords developed or received by law enforcement agencies and other public bodies charged with duties of investigation or examination of persons, institutions, or businesses, if the records constitute a part of the examination, investigation, intelligence information, citizen complaints or inquiries, informant identification, or strategic or tactical information used in law enforcement training" are not subject to public examination. SDCL 1-27-1.5(5). In addition, SDCL 23-5-11 provides that "[c]onfidential criminal justice information . . . [is] specifically exempt from disclosure pursuant to §§ 1-27-1 to 1-27-1.15, inclusive, and may be withheld by the lawful custodian of the records." "Confidential criminal justice information" is defined as "criminal identification information compiled pursuant to chapter 23-5,

-9-

criminal intelligence information, criminal investigative information, criminal statistics information made confidential pursuant to § 23-6-14, and criminal justice information otherwise made confidential by law[.]" SDCL 23-5-10(1).

[¶20.] It is undisputed that the records requested by Mercer were prepared and received by the Attorney General's Office in response to Charles Mix County's request that the DCI investigate the death of Benda to determine whether the death was the result of criminal activity or foul play. The records developed or received by the agencies charged with the duty to investigate Benda's death constitute confidential criminal justice information as defined by statute. Mercer conceded that the records he requested are exempt from disclosure under SDCL 1-27-1.5(5). The OHE did not err when it interpreted and applied SDCL 1-27-1.1 and held that two statutes—SDCL 1-27-1.5(5) and SDCL 23-5-11—"expressly provide[] that particular information" (Benda's death investigation records) "not be made public[.]" *See* SDCL 1-27-1.1 (defining "public records").

[¶21.] Mercer submits that the Attorney General's Office exceeded its statutory authority when it imposed certain conditions on his request for the public records. He also contends that there are no standards by which to measure a custodian's decision to deny access. Mercer cites no relevant or binding authority to support his claims, which ordinarily would waive the issues for our review. *See Kostel v. Schwartz*, 2008 S.D. 85, ¶ 34, 756 N.W.2d 363, 377; SDCL 15-26A-60(6). Even if the issues were not waived, the Attorney General's Office had authority under SDCL 1-27-37, as the custodian of the record, to exercise its discretion and grant or deny a request in whole or in part. The statue provides, in relevant part:

(1) A written request may be made to the public record officer of the public entity involved. The public record officer shall promptly respond to the written request but in no event later than ten business days from receipt of the request. The public record officer shall respond to the request by:

> (a) Providing the record in whole or in part to the requestor upon payment of any applicable fees pursuant to §§ 1-27-35 and 1-27-36;

> (b) Denying the request for the record; or

> (c) Acknowledging that the public record officer has received the request and providing an estimate of the time reasonably required to further respond thereto;

. . . .

(4) If the public record officer denies a written request in whole or in part, the denial shall be accompanied by a written statement of the reasons for the denial[.]

*Id.* Furthermore, Mercer does not contend that, in exercising his discretion, the Attorney General failed to follow the mandates of chapter 1-27.

[¶22.]	We review de novo the Attorney General's actions because the OHE's decision was based entirely upon a written record. *See Tebben*, 2007 S.D. 18, ¶ 15, 729 N.W.2d at 171; SDCL 1-26-36. From our review of the written administrative record, there is no evidence that the OHE erred in its interpretation of the statutes. Further, the OHE did not err when it ruled that the Attorney General had the authority to release the records in whole or in part and to exercise his discretion to release them under certain conditions. The evidence establishes that the Attorney General took into account the public's interest in Benda's death and weighed that against the personal privacy interests of the Benda family.

[¶23.]	Lastly, Mercer contends that the OHE and the circuit court should have reviewed the death investigation records and considered alternative criteria in support of disclosure, such as redaction of the sensitive and private information.

Mercer directs this Court to *Favish*, 541 U.S. 157, 124 S. Ct. 1570. Yet, as we previously explained, *Favish* involves a federal law not similar to our law. Moreover, SDCL 1-27-1.10 does not give Mercer a *right* to redaction.* Mercer's access is still contingent on the public record being of the type subject to disclosure under SDCL 1-27-1 and not expressly exempt under "any other statute, ordinance, or rule[,]" SDCL 1-27-1.1. Because Benda's death investigation records are exempt from disclosure under SDCL 1-27-1.5(5), and under SDCL 23-5-11 as confidential criminal justice information, neither the OHE nor the circuit court were required to examine the record and fashion an alternative manner of release. Accordingly, we affirm the decision of the OHE.

[¶24.] It is evident that when enacting the South Dakota Public Records Act in 2009, the Legislature had the opportunity to include investigative records within the category of documents presumed to be public and elected not to do so. If Mercer seeks a modification of the provisions of SDCL 1-27-1.5(5) exempting investigative reports of law enforcement agencies from disclosure or a modification of SDCL 23-5-11 exempting confidential criminal justice information, he must seek a statutory change from the Legislature.

---

* SDCL 1-27-1.10 provides:
> In response to any request pursuant to § 1-27-36 or 1-27-37, a public record officer may redact any portion of a document which contains information precluded from public disclosure by § 1-27-3 or which would unreasonably invade personal privacy, threaten public safety and security, disclose proprietary information, or disrupt normal government operations. A redaction under this section is considered a partial denial for the application of § 1-27-37.

#27215

[¶25.] GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and WILBUR, Justices, concur.