#27465-a-SLZ

**2016 S.D. 7**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

IN THE MATTER OF THE SALES
TAX LIABILITY OF USA TIRE
MANAGEMENT SYSTEMS, INC.
389 WEST STEAMBOAT DR.
DAKOTA DUNES, SD 57049

License No. 1012-7443-ST.


\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
UNION COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE STEVEN R. JENSEN
Judge

\* \* \* \*

MICHAEL M. BILLION of
Myers & Billion LLP
Sioux Falls, South Dakota                      Attorneys for appellant USA
                                               Tire Management Systems, Inc.


ROSA YAEGER of
South Dakota Department of Revenue
Pierre, South Dakota                           Attorneys for appellee South
                                               Dakota Department of Revenue.

\* \* \* \*

CONSIDERED ON BRIEFS
ON JANUARY 11, 2016

OPINION FILED **01/27/16**

#27465

ZINTER, Justice

[¶1.]     USA Tire Management Systems Inc. contests a sales tax assessment on gross receipts it received under a contract to "take title to, remove, and transport" tires and casings[1] from a foreclosed property that a bank was trying to sell. The circuit court affirmed the assessment. We affirm.

*Facts and Procedural History*

[¶2.]     USA Tire sells used tires. It also re-purposes used tires and casings into water tanks, snowplows, and manure spreaders. Great Western Bank foreclosed on a Sioux Falls business that dealt in tires. USA Tire initially assisted Great Western in inventorying 4,400 of the debtor's large tires (approximately 4,000 tons) and selling some of them on a commission basis. Under that arrangement, USA Tire estimated it would take five to six years to liquidate the tires. This timeframe was unacceptable to Great Western because it wanted to sell the real property and the tires were "a liability." Great Western offered to give the tires to USA Tire if it would remove them from the property. USA Tire declined the offer because the value of the tires was insufficient to cover the expense of transporting them to its South Sioux City, Nebraska plant. USA Tire counteroffered to take the tires if Great Western would pay the transportation costs. Great Western first attempted to locate salvage or sanitary waste service providers to remove the tires for less cost. However, Great Western was unsuccessful, and in October 2010, the bank entered into a contract with USA Tire to remove the tires.

---

1.     A tire casing is the main body of the tire exclusive of the tread.

-1-

[¶3.]     Under the contract, Great Western paid USA Tire in excess of $900,000 to "take title to, remove, and transport" the tires and casings from the property. USA Tire was paid based on the tonnage of the tires and casings removed. USA Tire removed the tires and casings between October 2010 and March 2011.

[¶4.]     In October 2012, after an audit, the South Dakota Department of Revenue issued a jeopardy assessment on the gross receipts USA Tire received from Great Western under their contract. USA Tire contested the assessment. After several administrative and circuit court reviews, the circuit court upheld the portion of the assessment that is being contested in this appeal. The question is whether USA Tire is entitled to a trucking services tax exemption. Entitlement to a tax exemption requires a strict interpretation in favor of the Department. *Paul Nelson Farm v. S.D. Dep't of Revenue*, 2014 S.D. 31, ¶ 11, 847 N.W.2d 550, 554. We review whether a statute imposes a tax under a given factual situation de novo. *Id.* ¶ 7, 847 N.W.2d at 553-54.

*Decision*

[¶5.]     SDCL 10-45-4 imposes sales tax on services. However, trucking services, except for the "collection and disposal of solid waste," are exempt. SDCL 10-45-12.1. The circuit court determined that USA Tire was not entitled to the trucking services exemption because the services were provided for the collection and disposal of solid waste. The point of contention on appeal is whether the service was provided for the collection and disposal of waste. USA Tire argues that it provided only trucking services. USA Tire also argues that: (1) it did not receive

compensation for the "collection" of the tires and casings; (2) it did not receive compensation for the "disposal" of the tires and casings; and (3) the tires and casings were not "waste."[2]

[¶6.]     The contract language does not support USA Tire's argument that it provided only trucking services. In addition to trucking, the contract required USA Tire to "take title to [and] remove" the tires and casings from the premises. The contract also stated: "In consideration of the services of [USA Tire], Great Western agrees to pay [a sum based on the tonnage of tires and casings] removed from the Premises." Thus, USA Tire did not provide only trucking services.

[¶7.]     Nevertheless, USA Tire argues that the services were not excluded from the exemption because its services were not for the "collection and disposal of solid waste." *See* SDCL 10-45-12.1. The terms "collection," "disposal," and "waste" are not defined in the tax code. When terms are not statutorily defined, we give the terms a "reasonable, natural, and practical meaning." *Paul Nelson Farm*, 2014 S.D. 31, ¶ 11, 847 N.W.2d at 554.

[¶8.]     Collection is defined as "the action or process of collecting something." *The New Oxford American Dictionary* 395 (Elizabeth J. Jewell & Frank Abate eds., 2001). Collect is to "bring or gather together[.]" *Id.* "Disposal" is "the action or

---

2.     Although USA Tire has briefed additional specific arguments that "relate to the circuit court's decision, this case is an administrative appeal. It is well settled that we are not bound by the circuit court's decision and, in fact, we review the agency's decision without any presumption that the circuit court's decision was correct." *See Mercer v. S.D. Attorney Gen. Office*, 2015 S.D. 31, ¶ 16, 864 N.W.2d 299, 303. Therefore, we do not address each specific USA Tire assertion of error. We simply determine whether USA Tire met its burden of proving entitlement to the tax exemption statute.

process of throwing away or getting rid of something." *Id.* at 493. And the term "waste" includes "material that is not wanted[.]" *Id.* at 1905.

[¶9.]        In this case, USA Tire gathered the tires and casings from the foreclosed property, brought them together and loaded them onto trucks so they could be moved to USA Tire's South Sioux City facility. USA Tire took title to and removed the tires and casings under a service contract that was executed so Great Western could "get[] rid" of the tires that it considered a "liability." These were also tires and casings that USA Tire did not believe were worth the cost of transportation. This transaction comfortably fits within the reasonable, natural, and practical meaning of the collection and disposal of waste. Consequently, USA Tire did not meet its burden of proving that the services were exempt trucking services under SDCL 10-45-12.1. *See In re State Sales & Use Tax Liab. of Pam Oil, Inc.*, 459 N.W.2d 251, 255 (S.D. 1990) (imposing the burden of claiming an exemption on the taxpayer).

[¶10.]       The circuit court's judgment in favor of the Department is affirmed. Because USA Tire did not prevail in this appeal, its motion for attorney's fees is denied.

[¶11.]       GILBERTSON, Chief Justice, and SEVERSON, WILBUR, and KERN, Justices, concur.