SEVERSON, Justice
(dissenting).
[¶ 37.] • I join Chief Justice Gilbertson’s writing hr'its entirety, and I write separately to emphasize the Court’s error today and to address the proper privilege analysis. Because today’s majority erroneously construes the physician-patient privilege to include redacted medical records of nonparty patients, I respectfully dissent.
. [¶ 38.] This case does not solely involve “operative notes” as the Court would suggest. The records subject to production today are the medical records of patients who are not parties to this case. As Chief Justice Gilbertson points out, the physician-patient privilege includes a patient’s treatment records. See Shamburger, 380 N.W.2d at 662. Furthermore, SDCL 19-19-503(b) clearly provides-that the physician-patient privilege belongs to the patient. “A patient has a privilege to refuse to disclose and to prevent any other person from, disclosing confidential communications made for the purpose of diagnosis or treatment of his physical, mental, or emotional condition_” SDCL- 19 — 19— 503(b) (emphasis added). A physician is entitled to claim the privilege on behalf of the patient. SDCL 19-19-503(c). And a court has the independent duty to protect the privilege of persons not present or represented in a hearing. SDCL 19-2-9 provides:
In all cases where it shall appear to the court that any person who is not present nor represented at the hearing should ■be protected -in his right to have any communication made under the confidential relations provisions of §§ 19-19-502 to 19-19-505, inclusive, and 19-19-508, excluded, it shall be the duty of the court to make such objections and orders for such purpose as to the court may seem necessary.
[¶39.] Today’s decision is contrary to the plain language of our statutes and the protection that those statutes provide for those who were not present or represented at the hearings in this case. The Court’s decision results in the production of numerous patients’ medical records, despite the privilege and privacy that those patients expect and are entitled to when they seek treatment from medical professionals.
■ [¶ 40.] Additionally, no exception applies in this case. We do not exempt communications subject to privilege merely because they may be relevant. See Voorhees Cattle Co. v. Dakota Feeding Co., 2015 S.D. 68, ¶ 13, 868 N.W.2d 399, 406 (rejecting argument - that communication subject to attorney-client privilege was waived because attorney’s advice was relevant to show knowledge of attorney’s clients). Certainly, the many nonparty patients whose medical records are at issue cannot be said to have waived the privilege; no waivers have been granted by the patients whose records are sought. See SDCL 19-2-3; SDCL 19-2-3.2; SDCL 19-19-510. Today’s decision is also inconsistent with our rule concerning attorney-client privilege, which contains similar language, In those cases, we have made it clear that the client is the holder of the privilege and the privilege is only waived by the client or through the client’s attorney. See Andrews v. Ridco, Inc., 2015 S.D. 24, ¶ 18, 863 N.W.2d 540, 547. And *805 “[t]he burden of establishing a waiver of the attorney-client privilege rests with the party asserting the claim of waiver[.]” Id. Rather than applying our precedent regarding privilege, this Court now exempts medical records from the privilege because they might be relevant and they can be redacted to the point that they contain “mere. ... medical terminology.” See supra ¶ 10 (quoting Staley, 230 P.3d at 1011).
[¶ 41.] Although this Court now uses redaction to create what it deems unprivileged “medical information,” redaction is not an exception to the privilege. “On the contrary, redaction presumes a record is subject to disclosure.” Mercer v. S.D. Attorney Gen. Office, 2015 S.D. 31, ¶ 18, 864 N.W.2d 299, 304 (rejecting argument that Attorney General must “consider redaction of records [that were not subject to disclosure] if redaction could protect the privacy interests at issue.”). Here, the medical records are not subject to redaction because they are covered under the privilege and no exceptions exist. Oh this point, the Ohio Supreme Court has explained: “Redaction of personal information, however, does not divest the privileged status of confidential records. Redaction is merely a tool that a court may use to safeguard the personal, identifying information within confidential records that have become subject to disclosure either by waiver or by an exception.” Roe, 912 N.E,2d at 71. And other than a desire to prove their claim with additional, duplicative information, Plaintiffs have offered no reason, such as a competing right, which compels production of any information in the records. See Milstead v. Smith, 2016 S.D. 55, ¶ 32, 883 N.W.2d 711, 723 (allqwing, under enumerated circumstances, production of protected law enforcement personnel records in light of a criminal defendant’s constitutional right to proffer a defense); Milstead v. Johnson, 2016 S.D. 56, 883 N.W.2d 725 (holding the same); see also Novotny v. Sacred Heart Health Servs., 2016 S.D. 75, 887 N.W.2d 83 (rejecting procedural due.process and open courts challenge to medical peer review privilege). Thus, redaction is an inappropriate approach in this case.
[¶42.] Because the plain language of South Dakota’s physician-patient privilege protects the records at issue in this case, I would reverse the circuit court’s order that Defendants produce “all the medical records ... for each patient on which Dr. Terry L. Altstiel performed laparoscopic hernia repair surgery during the years 2009 through 2013.”
[¶ 43.] GILBERTSON, Chief Justice,' joins this dissent.